# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## JANIS SUE WATSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamblen County**
**No. 07CR589     John Dugger, Jr., Judge**

---

**No. E2008-00882-CCA-R3-PC - Filed February 13, 2009**

---

The petitioner, Janis Sue Watson, appeals the order of the Hamblen County Criminal Court that dismissed her petition for post-conviction relief. The criminal court held that the petition, which challenged the petitioner's 2004 convictions of first degree murder and conspiracy to commit first degree murder, was barred by the statute of limitations. The State has moved this court to summarily affirm the order of dismissal pursuant to Tennessee Rule of the Court of Criminal Appeals 20. Because the record supports the State's motion, we affirm the order of the criminal court pursuant to Rule 20.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Gerald Edison, Rogersville, Tennessee, for the appellant, Janis Watson.

Robert E. Cooper, Attorney General & Reporter; and Jared Effler, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The petitioner's direct appeal of her convictions ended when our supreme court denied permission to appeal on July 3, 2006. *See State v. Watson*, 227 S.W.3d 622 (Tenn. Crim. App. 2006), *perm. app. denied* (Tenn. 2006). The petitioner executed her petition for post-conviction relief on July 19, 2007, and delivered it to prison officials sometime thereafter. The petition was received and filed by the criminal court clerk on July 26, 2007. The State moved the criminal court to dismiss the petition on the basis that it was barred by the one-year statute of limitations set forth in Tennessee Code Annotated section 40-30-102. That court appointed counsel for the petitioner and conducted a hearing on the motion to dismiss. In the hearing, the petitioner articulated no just cause for the untimely filing of her petition for post-conviction relief.

A petition for post-conviction relief must be filed

within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

T.C.A. § 40-30-102(a). The petitioner failed to establish a factual basis for applying any statutory exceptions to the one-year bar or for adjudicating a violation of principles of due process in imposing the bar.

Accordingly, the order of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE